UNITED STATES v. NEVADA COUNTY NARROW GAUGE R. CO.

(District Court, N. D. California.    November 28, 1908.)

1. RAILROADS (§ 254*)—VIOLATION OF REGULATIONS—PENALTIES—ACTIONS.

In an action brought to recover the statutory penalty under the safety appliance act (Act March 2, 1893, c. 196, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174]), a preponderance of the evidence that the defective car was hauled as alleged is sufficient to charge the defendant.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 772; Dec. Dig. § 254.*

Duty of railroad companies to furnish safe appliances, see note to Felton v. Bullard, 37 C. C. A. 8.]

2. MASTER AND SERVANT (§ 111*)—APPLIANCES—RAILROAD CARS—STATUTORY REQUIREMENTS.

If the coupling and uncoupling apparatus on a car is so constructed that in order to open the knuckle when preparing the coupler for use, or in uncoupling the car, it is reasonably necessary for a man to place part of his body, his arm, or his leg in a hazardous or dangerous posi-tion, such car is not equipped as required by section 2 of the safety ap-pliance act (Act March 2, 1893, c. 196, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174]).

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 215; Dec. Dig. § 111.*]

(Syllabus by the Court.)

The Interstate Commerce Commission lodged with the United States attorney information showing violations of the safety appliance law by the Nevada County Narrow Gauge Railroad Company. The dec-laration was in two counts, each count charging a violation of section 2 of the statute; the allegation being that the couplers were out of repair and inoperative.

Alfred P. Black, Asst. U. S. Atty., and Monroe C. List, Special Asst. U. S. Atty.

Fred Searls, for defendant.

DE HAVEN, District Judge (charging jury). The statute under which this suit is being prosecuted makes it unlawful for any common

carrier engaged in interstate commerce "to haul or permit to be hauled or used on its line any car used in moving interstate traffic not equipped with couplers coupling automatically by impact and which can be uncoupled without the necessity of men going between the ends of the cars." The complaint in this case charges the defendant with a violation of this statute, and the question is for you to determine. It is a simple question of fact for you to determine.

The jury is instructed that if it believes from a preponderance of the evidence that the defendant hauled the car, as alleged in the first count of plaintiff's petition, when the coupling and uncoupling apparatus on either end of said car was so constructed that, in order to open the knuckle when preparing the coupler for use, it was reasonably necessary for a man to place part of his body, his arm, or his leg in a hazardous or dangerous position, then its verdict should be for the government.

You are instructed that if you believe from a preponderance of the evidence that the defendant hauled the car, as alleged in the first count of plaintiff's petition, when said car was not equipped with couplers coupling automatically by impact, and which could be both coupled and uncoupled without the reasonable necessity of a man going between the end sills of said cars, then your verdict should be for the government.

There are two counts in this petition. The first one is the only one that is contested. The second has been admitted by the defendant; that is, there is no defense to it.

The form of the verdict is, "We, the jury, find for the" plaintiff or defendant, as you believe, on the first count of the petition, and for the plaintiff on the second count of the petition.

Verdict for government on both counts.